**MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY, Appellant,**

v.

**LAKE CALHOUN ASSOCIATES, an Illinois General Partnership, Appellee.**

**MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY, Appellee,**

v.

**LAKE CALHOUN ASSOCIATES, an Illinois General Partnership, Appellant.**

Nos. 90–5077, 90–5078.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1990.

Decided March 21, 1991.

**300**

Wayne Popham, Minneapolis, Minn., for appellant.

Linda Holstein, Minneapolis, Minn., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and BENSON,* Senior District Judge.

MAGILL, Circuit Judge.

In this breach of contract action, the Minneapolis Community Development Agency and Lake Calhoun Associates appeal from the district court's[1] rulings on the Agency's motion for judgment notwithstanding the verdict or for a new trial. We affirm.

## I.

Lake Calhoun Associates (LCA) is an Illinois general partnership that owns property near Lake Calhoun in Minneapolis. In 1986, LCA asked the Minneapolis Community Development Agency (MCDA) for help in obtaining several easements, owned by private parties, that encumbered the property. Once these easements were obtained, LCA planned to build luxury apartments on the site. The MCDA agreed to create a redevelopment plan and to obtain the easements either by purchase or through eminent domain proceedings. After the Minneapolis City Council approved the redevel-

opment plan, the MCDA and LCA entered into a contract concerning the acquisition of the easements.

The MCDA began eminent domain proceedings in March 1987. To succeed in such proceedings, the MCDA had to show that the proposed project had a public purpose, that the property to be condemned was located in a blighted area, and that the project was necessary for redevelopment. The Hennepin County District Court dismissed the MCDA's petition, finding that the project mainly benefited LCA and not the public, that the property was not blighted, and that the MCDA had failed to show necessity.

After this dismissal, the MCDA and LCA decided to adopt alternative methods for acquiring the easements. The first method was to appeal the Hennepin County District Court's decision. The second method was to begin new eminent domain proceedings under a different statutory authority. The first approach ended in February 1988 when the MCDA dismissed its appeal. The second approach ended on June 30, 1988, when the MCDA suspended performance under the contract because LCA had not paid the MCDA after repeated requests to do so.

The MCDA thereafter sued LCA in federal district court, alleging breach of contract and unjust enrichment. LCA counterclaimed, alleging breach of the duty of best efforts, anticipatory repudiation, and breach of fiduciary duty. Before trial, the district court dismissed the MCDA's unjust enrichment claim and granted the MCDA's motion for summary judgment on LCA's breach of fiduciary duty claim.

After trial, the jury found that the MCDA had not used its best efforts in attempting to obtain the easements, and awarded LCA $510,000 in damages. The jury also found in favor of LCA on its anticipatory repudiation claim, awarding LCA $1,794,000. The MCDA then moved for judgment notwithstanding the verdict

---

* THE HONORABLE PAUL BENSON, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

(JNOV), or, in the alternative, for a new trial. The district court denied the motion with regard to the $510,000 best efforts award, but granted the motion with regard to the $1,794,000 anticipatory repudiation award. The district court also granted the motion for a new trial, but only if its JNOV were to be vacated or reversed on appeal.

## II.

The MCDA has spent a great deal of time and effort rearguing the facts in this case. These factual issues, however, are not before us. What is before us is the issue of whether the district court properly denied the MCDA's motion for JNOV on LCA's breach of best efforts claim, and whether the district court properly granted JNOV on LCA's anticipatory repudiation claim.

### A. Best Efforts

In reviewing a district court's denial of a motion for JNOV, we apply the same standard as the district court. *Morgan v. Arkansas Gazette*, 897 F.2d 945, 948 (8th Cir.1990). This standard requires us to consider the evidence in the light most favorable to the prevailing party, assume that the jury resolved all conflicts of evidence in favor of that party, assume as true all facts which the prevailing party's evidence tended to prove, give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts, and deny the motion, if in light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence. *Atlas Pile Driving Co. v. Dicon Fin. Co.*, 886 F.2d 986, 989 (8th Cir.1989).

The MCDA argues that the district court improperly denied its motion for JNOV on LCA's breach of best efforts claim. The MCDA proffers two theories in support of its argument. Its first theory, that LCA waived its right to have the MCDA use its best efforts by continuing to pay the MCDA after the unsuccessful condemnation proceedings, is without merit because LCA's payments were not clearly inconsistent with its rights under the contract. The MCDA's second theory is that the evidence fails to show that the MCDA did not use its best efforts to obtain the easements. The MCDA is wrong. The district court noted that there was "very substantial evidence" supporting the jury's finding, and we agree. For example, the MCDA's manager in charge of acquiring property for redevelopment admitted that the MCDA's redevelopment plan, used in the first condemnation proceeding, did not reflect the MCDA's best efforts. The manager also admitted that the MCDA staff person who testified at the condemnation proceeding did not know information crucial to proving that the condemnation was necessary for the planned redevelopment. Therefore, there is evidence such that reasonable jurors could differ on the issue of whether the MCDA used its best efforts in attempting to obtain the easements, and thus the district court properly denied the motion for JNOV on this basis.

### B. Anticipatory Repudiation

In its cross-appeal, LCA argues that the district court improperly granted the MCDA's motion for JNOV with respect to the jury's finding that the MCDA breached the contract by anticipatory repudiation. The district court instructed the jury that to find such a repudiation, it had to find that the MCDA made a clear and positive statement demanding performance from LCA before such performance was due and threatening to stop performance if LCA did not perform as demanded. *See Space Center, Inc. v. 451 Corp.*, 298 N.W.2d 443, 450 (Minn.1980); *Sheet Metal Workers Local No. 76 Credit Union v. Hufnagle*, 295 N.W.2d 259, 263 (Minn.1980). The district court granted the MCDA's motion for JNOV because it found there was no such clear and positive statement by the MCDA in the evidence.

LCA argues that the district court's conclusion was erroneous because a series of billing letters the MCDA sent to LCA show that the MCDA repudiated the contract. On May 26, 1988, the MCDA's executive director sent LCA a letter that included a

separate statement of expenses. The letter requests LCA to "remit your payment for these charges in accordance with the terms of the contract ... which provides that payment is to be made within fifteen calendar days after submittal." Included in the statement of expenses were charges for the MCDA's legal counsel and architectural consultant, which were not properly chargeable to LCA at that time.[2] The MCDA's executive director, however, informed LCA that the legal counsel fees did not yet need to be paid.

On June 23, 1988, the MCDA's executive director sent LCA another letter. The letter stated, in pertinent part:

> We sent to you on May 26, 1988, a statement showing the amount owing to the MCDA as well as balances owing to consultants. As of this date, we have not received your remittance of either the amount owed to the MCDA or owed to the consultants who have worked on your behalf. I have directed my staff, effective Monday, June 27, to discontinue all work on this project unless payment for the MCDA costs is received by that date.

On June 30, 1988, the MCDA issued a Notice of Default to LCA, informing LCA that by not paying the requested expenses within fifteen days, it had violated the contract.

The district court, in granting JNOV, first noted that the May 26 letter was not a repudiation because the attached statement listed the sums due the MCDA as well as those due the consultants but did not specifically demand payment for the total amount, in violation of the contract. Moreover, the court noted, the letter only requested payment *under the terms of the contract*, and thus could not have been asking for payments not authorized by the contract.[3] Implicit in the district court's analysis is also the fact that the May 26 letter mentions nothing about stopping performance if the requested payment is not made. There is simply nothing in this letter that could constitute anticipatory repudiation. Therefore, we agree with the district court that nothing in the May 26, 1988, letter creates any possible inference of anticipatory repudiation.

LCA appears to concede as much by referring to the next letter, the June 23 request for payment, as "the repudiation letter." This letter, unlike the previous one, does clearly and positively state that the MCDA will discontinue performance unless it is paid. The letter, however, clearly conditions the MCDA's discontinuation of performance *on LCA's failure to pay the MCDA's expenses, and not on the failure to pay the consultants' expenses*. Therefore, we again agree with the district court that nothing in the letter provides even inferential support for a finding of anticipatory repudiation.[4]

In sum, we do not believe that reasonable jurors could have differed on the issue of whether the MCDA breached the contract by a clear and positive statement demanding premature performance and

---

2. The contract provided that the MCDA could only bill LCA for the expenses of its outside consultants after first paying those expenses itself, which it had not yet done.

3. We note that the relevant language in the letter, asking for payment "in accordance with the terms of the contract," may also be read as requiring payment within fifteen days, another term of the contract. In light of the letter's other failings as an anticipatory repudiation, however, this possible misinterpretation is not significant.

4. LCA also argues that trial testimony indicating that both parties believed that the June 23 letter requested the payment of the outside consultants' expenses is evidence of the anticipatory repudiation. This argument ignores the focus of our anticipatory repudiation analysis in this case, namely, whether the MCDA ever made a clear and positive statement to the LCA about discontinuing performance if the outside consultants' expenses were not paid. The only evidence relevant to this inquiry necessarily goes to the statements made by the MCDA to LCA. These statements include only the two letters and the MCDA's informing LCA after the first letter that it need not pay the legal consultants' fees. The district court in granting JNOV stated that this issue should not have gone to the jury because the MCDA's statements, as a matter of law, did not constitute anticipatory repudiation. We agree. Therefore, trial testimony concerning the subjective beliefs of certain individuals as to what the MCDA's statements meant is not relevant.

threatening non-performance if this demand was not satisfied. Therefore, the district court properly granted the MCDA's motion for JNOV on LCA's anticipatory repudiation claim.

Because we affirm the district court's grant of JNOV, we need not address the parties' arguments concerning the propriety of a new trial.

### III.

Accordingly, the judgment of the district court is affirmed.